**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 15 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JAGRAJ SINGH,<br><br>        Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>        Respondent. | No.  15-71074<br><br>Agency No. A087-534-545<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2018[**]
San Francisco, California

Before:  WATFORD and FRIEDLAND, Circuit Judges, and FEINERMAN,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Gary Feinerman, United States District Judge for the Northern District of Illinois, sitting by designation.

Jagraj Singh challenges the Board of Immigration Appeals' denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture. The Immigration Judge (IJ) concluded that the testimony Singh offered in support of his application was not credible because he could not provide meaningful answers when questioned about his political party's platform, and his testimony was evasive and inconsistent. The BIA found no clear error in the IJ's determination, and we hold that substantial evidence supports it.

Singh testified that he belonged to the Shiromani Akali Dal Mann (SADM) political party in India, yet he was unable to explain basic elements of the party's platform, including the meaning of Khalistan. Contrary to Singh's argument, reports in the record indicate that the Khalistan movement is a central tenet of the SADM party. The record also supports the agency's conclusion that Singh gave inconsistent and evasive testimony when questioned about his experience in India after he was released from police custody. Singh's declaration in support of his asylum application stated that after he was released, he avoided contact with police and stayed out of trouble. Yet Singh testified that police continued to harass him after he was released. When pressed on this claim, Singh's answers were nonresponsive and vague.

The record does not compel the conclusion that Singh testified credibly. In the absence of credible testimony, Singh failed to establish eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Singh's request for relief under the Convention Against Torture fails as well because it is based on the same testimony the agency deemed not credible. *See id*. at 1157.

**PETITION FOR REVIEW DENIED.**